UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERMAN LAMONT FIELDS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Respondent. | Case: 1:16-cv-00035 (G Deck)<br>Assigned To : Unassigned<br>Assign. Date : 1/8/2016<br>Description: Habeas Corpus/2241 |

### MEMORANDUM OPINION

In January 2004, in the United States District Court for the Western District of Texas, the petitioner was convicted of escape, murder, carjacking and other offenses. *See* Pet. at 1 (page numbers designated by the petitioner). He has been sentenced to death. *Id.* The United States Court of Appeals for the Fifth Circuit affirmed the convictions on direct appeal; the Western District of Texas denied the petitioner's motion under 28 U.S.C. § 2255 to vacate his convictions; the Fifth Circuit denied the petitioner's motion for a certificate of appealability challenging the district court's denial of habeas relief; and the Supreme Court of the United States denied his petition for a writ of certiorari. *See United States v. Fields*, 761 F.3d 443 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2803 (2015).

Generally, the petitioner argues that errors during each phase of the criminal proceedings justify the issuance of a writ pursuant to the All Writs Act, *see* 28 U.S.C. § 1651. "While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction . . . . [T]he Act does not enlarge that jurisdiction." *In re Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004) (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999)). This federal district court has no jurisdiction over the petitioner's

claims. An attack on the petitioner's criminal convictions or sentence must be brought in the Western District of Texas. *See* 28 U.S.C. § 2255(a) (directing a federal prisoner to "move the court which imposed the sentence to vacate, set aside or correct the sentence"); *Brown v. U.S. Attorney*, 612 F. App'x 620 (D.C. Cir. 2015) (per curiam). An appeal of the sentencing court's ruling must be brought in the Fifth Circuit, 28 U.S.C. § 41; *see Avila-Luna v. Office of the Attorney General of the U.S.*, No. 15-0467, 2015 WL 2183352, at *1 (D.D.C. May 8, 2015), and only the Supreme Court may entertain an appeal from the Fifth Circuit, *see* 28 U.S.C. § 1254. The petitioner has taken all of these steps, yet his lack of success does not confer jurisdiction on this district court.

The Court will grant the petitioner's application to proceed *in forma pauperis* and will dismiss his petition. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 1/7/2016

_____
United States District Judge